PER CURIAM:
Claimant brought this claim to recover the value of a cross pendant and chain that he alleges were lost when he was transferred to Mount Olive Correctional Complex. The Court is of the opinion to deny this claim for the reasons set forth more fully below.
A hearing was conducted by this Court on November 15, 2002, at which time the claimant testified as to the facts and circumstances that gave rise to this claim. Claimant was moved from Southwestern Regional Jail to Mount Olive Correctional Complex on or about October 25, 2001, at which time an officer took all of his property, including the cross pendant and chain, and placed it in a bag with claimant’s name and number on it. Claimant testified that his property was returned on approximately October 29,2001, and at that time he discovered his cross pendant and chain were missing. Claimant spoke with his counselor about the missing items and was told to file a grievance. Claimant filed a G-l Grievance form on November 9, 2001, which was sent to the Warden and the response from the Warden was that there was no record of a cross pendant or chain in his personal property when it went to the State Shop. Claimant then filed a G-2 Grievance form to appeal and was then transferred to Huttonsville Correctional Center on or about December 5, 2001. The response to the claimant’s G-2 Grievance was issued. The evidence established that claimant did not appeal the G-2 Grievance response to the Commissioner of the Division of Corrections as required by respondent’s “Policy Directive 335.00". Claimant submitted into evidence a receipt for the cross pendant and chain in the amount of $175.00.
Claimant asserts that respondent was responsible for his property once he gave itto an intake officer at Mount Olive Correctional Complex and that respondent negligently lost his property.
Respondent contends that it never had possession of claimant’s cross pendent and chain and thus did not negligently misplace it. Further, respondent contends that claimant failed to exhaust his administrative remedies in this claim and that it should therefore be dismissed.
Respondent submitted into evidence a copy of the Inmate Grievance Procedures and two “Resident’s Personal Property Forms” from Mount Olive Correctional Complex which claimant signed for his property but failed to note any missing items. Respondent also submitted into evidence a “G-l Grievance Form” completed by claimant with a response that the property was never received by the State Shop. Thus, the Court is of the opinion that claimant failed to establish by a preponderance of the evidence that respondent ever had possession of claimant’s cross pendant and chain.
Furthermore, W.V. Code § 25-1A-2, referred to as the “West Virginia Prison Litigation Reform Act”, precludes the filing of most actions until claimant has fully exhausted his administrative remedies. In the present claim, the Court, having reviewed the evidence has determined that claimant failed to exhaust his *326 administrative remedies by failing to appeal the G-2 Grievance response to the Commissioner as required by the Division of Corrections “Policy Directive 335.00". Thus, claimant is also statutorily barred from bringing this action before the Court.
Accordingly, the Court is of the opinion to and does deny this claim.
Claim disallowed.